Marshall, C. J., Jones, Matthias, Day and Allen, JJ., concur.

# Weekly Abstract Of Pending Cases

No Cases Published This Week

---

## COURT OF APPEALS CASES
### Advance Abstract Opinions

---

### No. 809
### McGIFFIN v. SILBERSTEIN et al

Ohio Appeals, 8th Dist., Cuyahoga County
No. 5192. Decided Sept. 15, 1924

118. AUTOMOBILES—Operator stopping at street intersection bound to observe approach of cars from both directions.

BY THE COURT.
Epitomized Opinion
Published Only in Ohio Law Abstract

Action was brought in Cleveland Municipal Court for damages resulting from a collision between two motor vehicles owned and operated by the respective parties hereto. McGiffin was operating his car in an easterly direction on Wilbur avenue at the intersection of 105th street. Silberstein was driving southerly on 105th street and stopped his ear at the intersection, having observed a west bound automobile approaching. He immediately started when the west bound car cleared the intersection, colilding with the rear end of the east bound car operated by McGiffin. Reversing the Municipal Court, the Court of Appeals held:

Failure of the operator of an automobile after stopping at a street intersection to observe cars approaching in both directions constitutes negligence and he is liable for collision injuries to the owner of an automobile coming from the opposite direction from that in which he was looking.

Attorneys—Dustin, McKeehan, Merrick, Arter & Stewart, for McGiffin; H. F. Van Lill, Esq., for Silberman et al; all of Cleveland.

### No. 810
### VAN SWERINGEN v. WAGNER

Ohio Appeals, 8th Dist., Cuyahoga County
No. 5035. May 16, 1924

465. ERROR—Record showing trial singularly free from substantial error may overcome question of propriety of judgment.

118. AUTOMOBILES — Owner's acquiescence in use of car by employes warrants conclusion of consent.

829. NEGLIGENCE—Denial of negligence by defendant and allegation of sole negligence by plaintiff warrants charge on contributory negligence.

480. EVIDENCE—Smell of liquor on breath of plaintiff in automobile in negligence case held admissible.

MAUCK, J.
Epitomized Opinion
Published Only in Ohio Law Abstract

Wagner sued Van Sweringen in Common Pleas for injuries sustained by collision while riding in Vala's car. Vala's negligence was apparent, his car being on wrong side of road, while Van Sweringen's car was on right side. Van Sweringen's car was driven by his chauffeur in conveying Mrs. Jenks, employed and residing on Van Sweringen's country estate, to her residence. No question in pleading or evidence was raised as to her use of the car without consent. Motion to strike out allegation as to "Last Chance doctrine" was refused. Issue was on this allegation, Van Sweringen, denied any negligence and alleged sole negligence on Wagner's part. The court instructed concerning contributory negligence. Evidence was offered and refused that both Wagner and Vala had the smell of whiskey about them. Van Sweringen prosecuted error, the Court of Appeals holding:

1. Considering location of cars propriety of judgment might be questioned were not the record singularly free from error.

2. Owner's acquiescence in use of car by employes not being denied, jury is warranted that the owner consented thereto.

3. Refusal to strike out part of specification alleging that defendant in exercise of reasonable care could have seen dangerous position of plaintiff would have been erroneous, but not being struck out, instruction to jury thereon was proper. Defendant cannot so plead as to create an issue, such as contributory negligence or sole negligence and complain that court correctly charged on such issue. Glass v. Heffron Co. 86 OS. 70.

4. Evidence that witness smelled liquor on breaths of Wagner and Vala should have been

## STATE COURT OF APPEALS—Continued

admitted though its rejection worked no substantial prejudice.

Attorneys—Weed, Rothenberg, McMorris & Smith, for Van Sweringen; Snyder, Henry, Thomsen, Ford & Seagrave, for Wagner; all of Cleveland.